Seaweix, J.
delivered the opinion of the Court:
By the 5th section of the act of Assembly, for the bet-regulaúon of the town of Fayetteville, the commissioners are vested with full power to make “ any rules and orders which may tend to the advantage, improvement, and good government of the said town,” with a proviso, that such regulations should not be inconsistent with the laws of the land; and by the last section of the same act, it is provided, that in nil cases where any person shall be dissatisfied with the judgment of the said commissioners, he shall have the liberty of appealing to the County Court of Cumberland. The questions then necessarily arising, are, Whether the ordinance in question was contrary to the laws of the land ? or, Was the party to be affected thereby, prevented from the benefit of appeal guaranteed by the charter of the commissioners ?
The laws of the land, or, in other words, those laws which do operate over the whole country without being directed to any place or particular individual, allow to every person the opportunity of defending his property before it is condemned j and in no case leave it to the mercy of a mere ministerial officer, to seize it at will; which seizure is to be lawful or not, according to his own will find pleasure. The ordinance, therefore, on that account, was unauthorised and consequently void. And as to the other question, that seems equally clear. By thtf mode of proceeding directed by the ordinance, the owner of the property seized, had no opportunity allowed hint of appealing to the County Court of Cumberland, and on that account also, the ordinance was yyid.
*160 As to the argument, that hogs in a town, are a nuisances, and that it was justifiable in the Defendant to abate it, the authorities to prove hogs a nuisance, all speak of them, in a stye or pen, which necessarily produces a stench, and, consequently, an inconvenience to the neigbouring people.
The Plaintiff, therefore, has unlawfully been deprived of his property and has a right to 'judgment for the injury sustained.
■ TayloR, C. J.
The act of Assembly under which this ordinance was made, contains, in addition to the general powers im.the 5th section, the following specification,— “ that the said commissioners are fully authorised and particularly required and directed to make such laws and regulations as they may deem necessary to prevent hogs running at large in the said town.’? I admit, in the fullest extent, the general positions which have been insisted on in behalf of the Plaintiff, that all bye laws must be consistent with the Constitution and the Laws of the State : That no man shall be deprived of his property but by the law of the land: and that the right of appeal is by the act given in very comprehensive^terms. But this law must be construed by those rules which have ever been applied to statutes, and which make the common law the basis of construction in all caseswhich suppose the common law to subsist where it is not expressly or virtually repealed,—and which permit the meaning of the law to correct, restrain, or enlarge the words of it. It is not necessary to cite authorities for these rules. If it were, I know not where they are better explained than in Plow-den ; who compares a statute to a nut. The sense, he tells us, is the kernel: the words are only the husk or shell. The right of appeal, then, must be confined to those cases, where the property or thing in dispute is susceptible of legal protection from it, and where such right can be exercised without taking away or impairing the pre-existhig common law rights of others, ⅝ There are *161 many instances, where evefy man is allowed a private and summary method of doing himself justice for injuries, which cannot wait for the slow forms of justice, and which would be altogether irremediable if they were to be referred to a future decision. However wise and salutary the laws of any country may be, the state of Nature must, in some respects, subsist between the members, and must be resorted to in those cases where the laws cannot afford protection. It is on this principle, that a nuisance may be abated by the party aggrieved by it, because it annoys that which is of continual comfort and convenience to him; and this, it would be .unreasonable to require him to submit to, until he could obtain the aid of the law; as much so, as to require him to submit passively to a battery or any personal wrong.
The right which every individual member of a town possesses, will not be denied tcT belong to the corporation, instituted for its government and police, in relation to such injuries, as are done to either in a manner requiring prompt redress. If it is not transferred to the members of the corporation by the inhabitants who choose them, it subsists in them independently, ás an essential attribute of their offiije, and one, without which, it is impracticable to effect the objects for which they are constituted. As it has been decided, that they are indictable for not keeping the streets in repair, it seems reasonable that their power to perform this duty should not be weakened by stripping them of any of those common law rights without which the duty cannot be discharged. For if they may not abate a nuisance, until the question be decided with the owner of the property, after an appeal through all the Courts, it is evident, that they must be overtaken by the penalty of an indictment, for the very act which they cannot remedy. I acknowledge that this reasoning is altogether irrelevant, unless it is a nuisance for hogs to run at large in the streets of a town. I think it is within the definition of the term, *162 and quite as much an annoyance‘ás’ many acts that have been decided to be nuisances. Lord Mansfield has said, that a nuisance is, whatever renders the enjoyment of life and property Uncomfortable.* It is not necessary to multiply words in proving that the enjoyment of property, in a town, is most essentially interrupted by the practice in question. Streets rooted Up, and the ordinary enclosures broken down, impede all improvement, public and private. Mud holes made in public ways, charged with stagnant water, whence a fervid sun constantly exhales effluvia of intolerable stench and noxious qualities, must, in this climate, be inimical to health. No inhabitant of a town can be insensible of the degree in which the enjoyment of life is thus diminished, unless every avenue to his housed ^or the space under his house, is effectually guarded against lhe¡ intrusion of these animals. In short, all the inconveniences produced by théwi, the enumeration of which seems almost inconsistent with the gravity of a judicial discretion, satisfy me, that, upon principles of common law and common sense, they answer the definition of a nuisance. And it may be added, in proof of the sense entertained by the people of this State on this subject, for upwards of a hundred years, that the earliest private act upon record, contains a similar provision, in substance, with this ordinance;—and almost every private act since that time, establishing a town, confers a like power upon the commissioners. Keeping hogs in a town, is, in England, a nuisance, both at common law and by statute; as ¡s evident from the case of Regina v. Wigg; † and for the reasons I have given, suffering them to go at large in a town, is a nuisanpe in a greater degree, according to my conception of the comparative inconvenience of both practices.
Whether an act amounts to a nuisance, must depend upon the place in which it is done, and its tendency to produce those inconveniences, which are specified in the' *163 defiriitfen of the offence. Thus an act may amount to a fc> isunce, in a town, which would not be so elsewhere. Yv hattver tends to retard the improvement of a town, or to render a residence in it uncomfortable, must be a nui» ounce ; because it deprives the owners of lots of the enjoyment of their property, and is inconsistent with the origina.! purpose of the grant, which was, that-the lots eb uid be built upon. A magazine of powder kept in a populous part of the town, would be a nuisance, because it would give a reasonable cause of apprehension froift fire. A man, on his own farm, .may erect his own hog-stye ; but, in a town, he cannot keep hogs, or erect even, a dove-cote, or pigeon-house, so near my dwelling as io, offend by the smel}< Either of these is a nuisance.* On the Same principle, a matter may be a nuisance, in one part of the town, which, would not be so ⅜ another. Some trades ought not to be pursued ⅛ the principal parts of the city, but in the outskirts † A lime kiln So near »y heuse that the smoke .offends, is a nuisance.‡ The principle on which the law proceeds, is so to use your pr< perty, as not to injure that of anot&r.§ One great object of the incorporation of a town .'or village, ⅛ a more summary inquiry into nuisances and removal of them.ǁ For these reasons,; I,am led to conclude, that .the commissioners have-not transcended fheir powers', by this ordinance-. But as all tht rest of the Court are of a different opinion, there mus†t be
Judgment for the Plaintiff*

 1 Burr. 837.

 2 Ld.Ray 1163.

 Roll 141 9-Coke 57. 16 Vin. 25.

 2 Short 327.

 9 Coke, 59.

 3 Selw. 974.

 Law Mis. by Judke Breckertridge 160.